UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| FADHL ALI ABUSHAMAH ALMAFLAHI )<br>   12827 S Orchard Ln )<br>   Alsip, IL 60803, )<br> )<br>         Petitioner )<br> )<br>         v. )<br> )<br>WILLIAM P. BARR, in his official capacity, )<br>Attorney General, Office of Attorney General )<br>U.S. Department of Justice; )<br>   950 Pennsylvania Avenue, NW )<br>   Washington, DC 20530-0001 )<br> )<br> )<br>CHAD F. WOLF, in his official capacity, )<br>Acting Secretary, U.S. Department of )<br>Homeland Security; )<br>KENNETH T. CUCCINELLI, in his official )<br>capacity, Acting Director, U.S. Citizenship and )<br>Immigration Services; )<br>JENNIFER B. HIGGINS, in her official )<br>capacity, Associate Director of Refugee, )<br>Asylum and International Operations, U.S. )<br>Citizenship and Immigration Services, )<br>   245 Murray Lane, SW )<br>   Mail Stop 0485 )<br>   Washington, DC 20528-0485 )<br> )<br>         Respondent(s). ) | Civil Action No: **1:20-cv-2046**<br><br><br><br><br><br>**PETITIONER'S ORIGINAL<br>COMPLAINT<br>FOR WRIT IN THE NATURE OF<br>MANDAMUS AND<br>DECLARATORY JUDGMENT** |

Hashim G. Jeelani, Attorney for Petitioner, JEELANI LAW FIRM, PLC, 28411 Northwestern Hwy, Suite 875, Southfield, Michigan 48034, Ph: 248-850-7841, Facsimile: 248-714-4312, Email: hashim@jeelani-law.com.

## INTRODUCTION

COMES NOW Fadhl ALI ABUSHAMAH ALMAFLAHI, (hereinafter "ALMAFLAHI" or "Petitioner") the Petitioner, by and through the undersigned attorney in the above cause and states as follows:

1. This action is brought as a result of Respondents' failure to adjudicate Petitioner ALMAFLAHI's Form I-589, Application for Asylum and Withholding of Removal, (hereinafter "Asylum Application" or "Application") within the statutory period of 180 days pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii). Respondents are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Respondents and those acting under them to take action on the Application, which has been pending for over eight years with the United States Citizenship and Immigration Services.

## PARTIES

2. Petitioner ALMAFLAHI is a resident of Cook County, Illinois. He properly filed Form I-589, Application for Asylum and Withholding of Removal (Receipt Number: ZCH1200008200) on April 5, 2012 with the Chicago Asylum Office of the United States Citizenship and Immigration Service.

3. Respondent WILLIAM P. BARR is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

4. Respondent CHAD F. WOLF is the Acting Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity.

Respondent WOLF is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

5. Respondent KENNETH T. CUCCINELLI is the Acting Director of USCIS; he is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against him in his official capacity.

6. Respondent JENNIFER B. HIGGINS is the Associate Director of Refugee, Asylum and International Operations; she is an official generally charged with supervisory authority over all operations of USCIS Asylum Offices. This action is filed against her in her official capacity.

## JURISDICTION AND VENUE

7. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Respondents to perform their statutory duties owed to the Petitioner. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*, because Petitioner is seeking judicial review of inaction by one or more of the Respondents.

8. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

9. The Petitioner has repeatedly requested the Respondents to take action on his Application. After such requests and inquiries failed, Petitioner notified the Respondents of his intent to file suit. The Respondents have failed to respond to such notice. The threat of judicial intervention has been meaningless in expediting a resolution.

10. The Petitioner has exhausted his administrative remedies. Petitioner has supplied the USCIS with all documents and information that have been requested of him.

11. There are no further administrative remedies available for Petitioner to utilize.

## GENERAL ALLEGATIONS

12. Petitioner is a citizen of Yemen who properly filed his Asylum Application with USCIS Chicago Asylum Office on April 5, 2012 (Receipt Number: ZCH1200008200). As of the date of this filing, Petitioner's Application remains unadjudicated for a period of eight years.

13. On May 9, 2012, the Petitioner attended his asylum interview as scheduled by the USCIS Chicago Asylum Office.

14. On the aforementioned date of the interview, the interviewing USCIS officer provided the Petitioner with a notice stating that he would receive a decision on his Application in the mail. **[Exhibit A].**

15. Since May 9, 2012, USCIS has made no further requests for evidence or information from the Petitioner.

16. In the eight years following the interview, Petitioner has made numerous inquiries with the USCIS Chicago Asylum Office.

17. As of this date, Petitioner's inquiries have not amounted to any meaningful responses by USCIS, much less any scheduling of interviews or requests for further information. USCIS has only responded with generic statements providing that Petitioner's case is pending. **[Exhibit B].**

18. Petitioner's Application has been pending for a period of over eight years.

19. Respondents have conducted the initial investigation and have sufficient information and documentation about Petitioner to make a decision on his Application.

20. Respondent's delay and inaction is causing irreparable harm to Petitioner as he is unable to commence his life in the U.S. without living in fear of being forced to return to Yemen, where he will certainly be persecuted, tortured, and/or killed.

## VIOLATION OF THE APA

21. All prior paragraphs are re-alleged as if fully stated herein.

22. Petitioner has a statutory right to apply for asylum and to be considered for relief under the same pursuant to 8 U.S.C. § 1158(a).

23. Respondents have a statutory duty to adjudicate asylum applications within 180 days of filing pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii).

24. The duty owed to Petitioner is ministerial and so plainly prescribed as to be clear and free from doubt.

25. No other adequate remedy is available to Petitioner.

26. Respondents have failed in their statutory duty to adjudicate the Application in 180 days.

27. Respondents' delay in this case is, as a matter of law, arbitrary, in violation of Petitioner's due process rights and not in accordance with the law. Respondents have willingly and unreasonably delayed and have refused to take action on the Petitioner's Application.

28. Respondents have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on the Petitioner's Application for a period of over eight years and have failed to carry out the adjudicative functions that are delegated to them by law with regard to Petitioner's case.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully prays:

1. That Respondents be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Petitioner's Asylum Application;

2. In the alternative, that the Court compel Respondents, and those acting under them, to perform their duty to adjudicate Petitioner's Application immediately;

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper.

Date:  July 28, 2020                                           Respectfully submitted,

                                                                                  /s Hashim G. Jeelani
**Hashim G. Jeelani, Esq. (MI0081)**
**JEELANI LAW FIRM, PLC**
**28411 Northwestern Hwy, Suite 875**
**Southfield, MI 48034**
**hashim@jeelani-law.com**
**Phone:(248) 850-7841**
**Fax:(248) 714-4312**
*Counsel for Petitioners*